KEKER, VAN NEST & PETERS LLP
SHARIF E. JACOB - # 257546
sjacob@keker.com
NICHOLAS GOLDBERG - # 273614
ngoldberg@keker.com
PUJA PARIKH - # 331823
pparikh@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff
Maplebear Inc. dba Instacart

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAPLEBEAR INC. DBA INSTACART,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | Misc. Case No. 3:21-mc-80007<br><br>[*underlying* action:  United States District Court for the Eastern District of Texas, Case No. 2:20-cv-00240-JRG]<br><br>**DECLARATION OF PUJA PARIKH IN SUPPORT OF MAPLEBEAR INC. DBA INSTACART'S MOTION TO COMPEL UBER TECHNOLOGIES, INC.'S COMPLIANCE WITH SUBPOENA** |

DECLARATION OF PUJA PARIKH IN SUPPORT OF MAPLEBEAR INC. DBA INSTACART'S
MOTION TO COMPEL UBER TECHNOLOGIES, INC.'S COMPLIANCE WITH SUBPOENA
Case No.

1625343

I, PUJA PARIKH, hereby declare and state:

1. I am a member of the state bar of California and an associate with Keker, Van Nest & Peters LLP ("KVP"), counsel for Maplebear Inc. dba Instacart ("Instacart") in the case *Maplebear Inc. dba Instacart v. Cornershop Technologies, Inc., Cornershop Technologies LLC, Delivery Technologies US, Inc., and Does 1-10*, Case No. 2:20-cv-00240-JRG (E.D. Tex.) (the "underlying action").

2. I submit this declaration in support of Instacart's Motion to Compel Uber Technologies, Inc.'s ("Uber") compliance with Instacart's subpoena. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently as to them under oath.

3. Attached hereto as **Exhibit 1** is the Declaration of Juan Cuevas, Dkt. 29-1[1], offered in support of Cornershop's opposition to Instacart's preliminary injunction motion in the underlying action.

4. Attached hereto as **Exhibit 2** is the Complaint, Dkt. 1, filed on July 16, 2020 by Instacart in the underlying action.

5. Attached hereto as **Exhibit 3** is the Stipulated Order on Plaintiff's Motion for Preliminary Injunction, Dkt. 53, entered on September 25, 2010 in the underlying action.

6. On October 14, 2020, Instacart served a subpoena for document production and deposition testimony on Uber seeking information relevant to the scraping activities disclosed by Cornershop in the underlying action. Attached hereto as **Exhibit 4** is Instacart's Subpoena to Uber, compliance with which Instacart moves to compel.

7. On October 27, 2020, outside counsel for Uber requested an extension of time to respond to the subpoena, which Instacart granted.

---

[1] All docket references are to the underlying action, *Maplebear Inc. dba Instacart v. Cornershop Technologies, Inc. et. al*, Case No. 2:20-cv-00240-JRG.

1

DECLARATION OF PUJA PARIKH IN SUPPORT OF MAPLEBEAR INC. DBA INSTACART'S
MOTION TO COMPEL UBER TECHNOLOGIES, INC.'S COMPLIANCE WITH SUBPOENA
Case No.

1625343

8. I am aware that outside counsel for Instacart and Uber met and conferred on November 2, 2020, during which time counsel for Instacart explained the relevance of the requests and topics in Instacart's subpoena. I am aware that Counsel for Uber indicated that Uber objected to the subpoena and would provide formal responses and objections to Instacart's subpoena.

9. Attached hereto as **Exhibit 5** are Uber's responses and objections to Instacart's subpoena, dated November 5, 2020.

10. Attached hereto as **Exhibit 6** is a letter dated November 16, 2020 from Instacart to Uber explaining the relevance of its requests and again seeking compliance with Instacart's subpoena.

11. Attached hereto as **Exhibit 7** is a letter dated November 19, 2020 from Uber to Instacart stating that Uber will not produce any documents or information.

12. I am aware that outside counsel for Instacart and Uber met and conferred again on November 23, 2020, during which time counsel for Instacart sought to address Uber's purported concerns regarding burden by offering to provide search terms for Uber to utilize to conduct an email search term in compliance with the subpoena. Attached hereto as **Exhibit 8** is a letter dated December 2, 2020, from Instacart to Uber, in which Instacart provided these proposed email search terms.

13. Attached hereto as **Exhibit 9** is a letter dated December 8, 2020 from Uber to Instacart in which Uber categorically rejected Instacart's search terms, without proposing any alternative search terms or otherwise agreeing to conduct a reasonably diligent search for responsive documents and information.

14. Attached hereto as **Exhibit 10** is Cornershop's responses and objections to Instacart's Second Set of Interrogatories, dated November 5, 2020.

15. Attached hereto as **Exhibit 11**, is a letter, dated December 3, 2020, from Cornershop to Instacart related to Cornershop's discovery responses.

16. Attached hereto as **Exhibit 12** is email correspondence of multiple dates between December 8, 2020 through January 11, 2021, during which time outside counsel for Instacart and Uber continued to meet and confer in writing regarding the subpoena and Uber declined to confirm that it would produce documents or testimony responsive to Instacart's subpoena.

17. Pursuant to L.R. 37-1, I hereby certify that outside counsel for Instacart and Uber met and conferred, via videoconference, regarding Instacart's subpoena on November 2 and November 23. My colleague Nicholas Goldberg attended these conferences on behalf of Instacart. Melody Drummond Hansen attended on behalf of Uber. Instacart has made a good faith effort to resolve this discovery dispute via meet and confer, including subsequent written correspondence, but has been unable to in light of Uber's refusal to produce any documents or a witness for deposition.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 12, 2020 at San Francisco, California.

*/s/ Puja Parikh*
PUJA PARIKH