# EXHIBIT 3

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MAPLEBEAR INC. DBA INSTACART, | § § § |
| Plaintiff, | § § |
| v. | § § |
| CORNERSHOP TECHNOLOGIES, INC.; CORNERSHOP TECHNOLOGIES LLC; DELIVERY TECHNOLOGIES US, INC.; DOES 1-10, | § § § § § |
| Defendants. | § § § |

## STIPULATED ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

On July 16, 2020, pursuant to Fed. R. Civ. P. 65, Plaintiff Maplebear Inc. dba Instacart ("Instacart") moved for a Preliminary Injunction on its claims against Defendants Cornershop Technologies, Inc., Cornershop Technologies LLC, and Delivery Technologies US, Inc. (together, "Cornershop") for violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, *et seq.*, the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, *et seq.*, copyright infringement, and related violations of Texas statutory and common law. Instacart further moved for an Order of Impoundment as authorized by the DMCA, 17 U.S.C. § 1203(b)(2), and the Copyright Act, 17 U.S.C. § 503(a)-(b).

The parties wish to resolve Instacart's motion and therefore stipulate to and agree to entry of the following Order.

# DEFINITIONS

1.      For the purposes of this Order, the term "scraping" shall refer to any system, method, process, or technique by which a computer, computer system, application programming interface, computer program, application, or other logical operation extracts, copies, translates, makes a derivative from, or otherwise records data from any third-party website or application.

2.      For the purposes of this Order, "affiliate" shall refer to any person or entity related to, associated with, contracted with, partnered with, in a joint venture with, owning, owned by, operated by, under common control with, under the direction of, or with the ability to direct or control Cornershop or any parent or subsidiary thereof, as well as any current and former principal, officer, director, manager, general partner, employee, agent, servant, vendor, parent company, or subsidiary of any such person or entity, including that person or entity's advisors, consultants, contractors, attorneys, accountants, predecessors, successors, assigns, heirs, administrators, executors, supervisors, or representatives.

3.      For the purposes of this Order, (a) "platform" shall refer to a party's owned or operated technology platform, whether accessed by a web-based browser or phone-based application, that processes customer orders placed on virtual retailer storefronts, as well as the application through which the independent service providers with whom a party contracts using the platform receive those orders; and (b) "Instacart platform" shall mean any such platform that is visibly identified as, disclosed to Cornershop, or otherwise known by Cornershop to be owned or operated by Instacart or any entity that Instacart controls, is controlled by, or is under common control with Instacart, directly or indirectly.

4.      Use of the singular also includes the plural and vice-versa, even for the above defined terms.

5. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of this Order.

## ORDER FOR PRELIMINARY INJUNCTION

IT IS HEREBY ORDERED that Cornershop and its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of the foregoing, are hereby ENJOINED from:

1. Displaying, publishing, reproducing, or distributing any copies or derivatives of (i) any of Instacart's copyrighted images, including without limitation those images identified in Exhibit S of the Romaniuk Declaration attached to Instacart's Motion for Preliminary Injunction; and (ii) any of Instacart's package information, file names, metadata, product descriptions, pricing information, catalog information, and data;

2. Scraping, or facilitating the scraping of, any Instacart platform, or otherwise copying or facilitating the copying of portions of any Instacart platform, in excess of the license granted by the Terms of Service posted thereon;

3. Otherwise accessing and using any Instacart platform in excess of the license granted by the Terms of Service posted thereon;

4. Using or displaying any original or altered computer files, data, or other information including but not limited to images, package information, file names, metadata, and catalog information such as pricing, product information, and product availability, originating from scraping, at any time, any Instacart platform, on any platform operated by Cornershop or its affiliates.

5.      For avoidance of doubt, the foregoing paragraphs shall not prohibit, by a natural person, the viewing, use of, or interaction with an Instacart platform through a browser or Instacart-provided mobile application.

6.      Nothing in this Stipulated Order shall prevent Cornershop, Instacart, or its attorneys of record, expert witnesses, and others acting on behalf or for the benefit of Cornershop or Instacart from copying, accessing, or using any Instacart platform or any information or content therein solely for purposes of litigating this matter.

7.      Cornershop hereby confirms, represents, and warrants that it has not provided, transferred, transmitted, or otherwise given any of Instacart's copyrighted images or images scraped from Instacart's platform, including without limitation those images identified in Exhibit S of the Romaniuk Declaration attached to Instacart's Motion for Preliminary Injunction, or any of Instacart's package information, file names, metadata, product descriptions, pricing information, catalog information, and data to any affiliate (for the avoidance of doubt, other than for purposes consistent with paragraph 6 above and other than through "posting" to the Internet as alleged in Instacart's complaint or as disclosed in Cornershop's filings in this litigation).

8.      Cornershop hereby confirms, represents, and warrants it has complied with the foregoing and that it has changed its business procedures to ensure compliance with this Order.

9.      Except insofar as necessary to enforce the terms of this Stipulated Order, nothing in this Stipulated Order shall be deemed to be or used as an admission or waiver of any claim or defense.

IT IS FURTHER ORDERED that Cornershop will allow The Berkeley Research Group ("BRG"), at Cornershop's expense, to forensically image all Instacart computer files, data, and information that Cornershop or any entity acting in active concert with Cornershop scraped or

copied from an Instacart platform, that are in Cornershop's possession, custody, or control. Those Instacart files, data, and information include, but are not limited to, the images identified in Exhibit S of the Romaniuk Declaration attached to Instacart's Motion for Preliminary Injunction as well as Instacart's images, file names, package information, product descriptions, pricing information, catalog information, and metadata. After these materials have been forensically imaged and preserved, Cornershop will—under the supervision of BRG—remove and delete all such originals, copies, or derivatives of Instacart's files, data, and information from all of the computers, systems, servers, and files of Cornershop. Upon written certification that it has deleted such information, Cornershop shall make its computers, data, systems, servers, and files available for inspection by BRG to the extent necessary to verify that it has complied with this provision in this Order.

IT IS FURTHER ORDERED that if Instacart has good cause to believe that Cornershop is not in compliance with the terms of this Order, Instacart may request from Cornershop or apply to the Court for, as set forth below, permission to have BRG conduct an audit of Cornershop's systems, servers, and data stores. Instacart shall use reasonable efforts to inform Cornershop, in writing (via email or another method), of its intention to initiate an audit based on Instacart's good-faith belief that Cornershop has failed to comply with the terms of this Order. This forensic audit will consist of a combination of an on-site and in person audit as well as a remote audit. As part of the forensic audit, Cornershop will make available the necessary personnel and will provide all necessary access to its data, systems, and servers to enable the auditor to perform an audit. For example, and without limitation, the forensic audit may include providing the auditor with credentials to access Cornershop's AWS environment that is understood to house the data and images that comprise product images, file names, and/or

listings on its platform. In the event the auditor determines that Cornershop is not in compliance with the terms of this Order, Cornershop shall bear all cost associated with the auditor; in the event the auditor does not make that determination, Instacart shall bear such cost.

IT IS FURTHER ORDERED that, should Instacart assert a request to initiate an audit based on Instacart's good-faith belief that Cornershop has failed to comply with this Order, Cornershop shall have five (5) calendar days to serve a written response informing Instacart it does not consent to the audit. Should Cornershop fail to serve the written response within that time, Cornershop must submit to the audit provided for by this Order. If Cornershop timely serves a written response and does not consent to the audit, the parties will thereafter meet and confer. In the event that they are unable to resolve the dispute, Instacart shall have fourteen (14) calendar days thereafter, in the absence of an extension agreed upon by the parties or entered by the Court, to file a motion to conduct an audit pursuant to this Order.

Any inspection by BRG pursuant to this Order shall be conducted pursuant to appropriate confidentiality restrictions to protect Cornershop's proprietary information.

The Court retains jurisdiction to enforce, modify, extend, or terminate this Order as the equities may require upon a proper showing. This provision is without prejudice to any challenge to venue or jurisdiction.

IT IS SO ORDERED.

**So Ordered this**
**Sep 24, 2020**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE