# EXHIBIT 4

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | | |
|---|---|---|
| Maplebear Inc. dba Instacart | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:20-cv-240-JRG |
| Cornershop Technologies, Inc.; Cornershop Technologies LLC; et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Uber Technologies, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: Keker, Van Nest & Peters LLP<br>633 Battery Street<br>San Francisco, California 94111 | Date and Time:<br>11/16/2020 9:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/14/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Niall Roberts |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Maplebear Inc. dba Instacart , who issues or requests this subpoena, are:

Niall Roberts; 633 Battery Street; San Francisco, California 94111; nroberts@keker.com; 415 391 5400

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A TO SUBPOENA TO UBER TECHNOLOGIES, INC.

Pursuant to Rules 30, 34, and/or 45 of the Federal Rules of Civil Procedure, Defendant Maplebear Inc. dba Instacart requests that You designate one or more officers, directors, or managing agents to testify on the deposition topics identified below; and that You identify, produce, and permit the inspection and copying of the documents and things listed below.

## DEFINITIONS

1. "You," "Your," and/or "Uber" means Uber Technologies, Inc. and its past and present predecessors, successors, subsidiaries, divisions, parents, and affiliates, and all past and present officers, directors, affiliates, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

2. "Instacart" or "Plaintiff" refers to Plaintiff Maplebear Inc. dba Instacart.

3. "Cornershop" or "Defendant" means Defendants Cornershop Technologies, Inc., Cornershop Technologies LLC, and Delivery Technologies US, Inc., and their past and present predecessors, successors, subsidiaries, divisions, parents, and affiliates, and all past and present officers, directors, affiliates, agents, trustees, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting in whole or in part on behalf of any of the foregoing.

4. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

5. "Identify," when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in

1508220

accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6. "Identify," when referring to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

7. "Plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

8. "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

10. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The use of the singular form of any word includes the plural and vice versa.

13. The use of any one gender includes the all other genders.

## DEPOSITION TOPICS

1. The scraping of data or images by, with the involvement of, at the behest of, or for the benefit of Cornershop, whether directly or indirectly, and Uber's knowledge of the same.

2. Cornershop's use in the United States of images, data, trademarks, or trade names without permission from their owners, and Uber's knowledge of the same.

3. Business models, forecasts, business plans, budgets, and variance analyses for Cornershop in the United States, including but not limited to ones concerning Cornershop as owned by or subsumed within Uber.

4. The past, present, and future value, whether actual or potential, of Cornershop's business and operations in the United States.

5. Any actual or potential benefits, costs, and/or risks, whether monetary or nonmonetary, associated with or concerning the timing of Cornershop's entry into the U.S. market.

6. Uber's search for, collection, and production of documents in connection with this litigation.

**DOCUMENTS AND THINGS TO BE PRODUCED**

1. All documents concerning the scraping of data or images by, with the involvement of, at the behest of, or for the benefit of Cornershop, whether directly or indirectly, or Uber's knowledge of the same.

2. All documents concerning Cornershop's actual or contemplated use in the United States of images, data, trademarks, or trade names without permission from their owners, or Uber's knowledge of the same.

3. All documents concerning any business model, forecast, business plan, budget, or variance analysis for Cornershop in the United States, including but not limited to ones concerning Cornershop as owned by or subsumed within Uber.

4. All documents concerning the past, present, or future value, whether actual or potential, of Cornershop's business or operations in the United States.

5. All documents concerning any actual or potential benefits, costs, and/or risks, whether monetary or nonmonetary, associated with the timing of Cornershop's entry into the U.S. market.

6. All documents you relied on in preparing for the deposition noticed concurrently with these requests for production.

4

1508220

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On October 14, 2020, I served the following document(s):

> **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION TO UBER TECHNOLOGIES, INC.**

☐ by **FEDEX**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker, Van Nest & Peters LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Michael A Jacobs<br>Richard S J Hung<br>Morrison & Foerster LLP<br>425 Market Street, 32nd Floor<br>San Francisco, CA 94105-2482<br>Tel: 415-268-7000<br>Fax: 415-268-7522<br>Email: Cornershop_Instacart@mofo.com | Colette Reiner Mayer<br>Morrison & Foerster LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>Tel: 650-813-5600<br>Fax: 650-494-0792<br>Email: Cornershop_Instacart@mofo.com |
| John A Polito<br>Morgan Lewis & Bockius LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Tel: 415-442-1000<br>Fax: 415-442-1001<br>Email: cornershopinstacart@morganlewis.com | Melissa Richards Smith<br>Gillam & Smith, LLP<br>303 South Washington Avenue<br>Marshall, TX 75670<br>Tel: 903-934-8450<br>Fax: 903-934-9257<br>Email: melissa@gillamsmithlaw.com<br>nicole@gillamsmithlaw.com<br>diana@gillamsmithlaw.com |

Executed on October 14, 2020, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Jennifer Gray

1
PROOF OF SERVICE

1517937