# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MAPLEBEAR INC. DBA INSTACART, <br><br> Plaintiff, <br><br> v. <br><br> CORNERSHOP TECHNOLOGIES, INC.; <br> CORNERSHOP TECHNOLOGIES LLC; <br> DELIVERY TECHNOLOGIES US, INC.; <br> DOES 1-10, <br><br> Defendant. | Civil Action No. 2:20-cv-00240-JRG |

**NON-PARTY UBER TECHNOLOGIES, INC.'S**
**RESPONSES AND OBJECTIONS TO INSTACART'S SUBPOENA FOR**
**DEPOSITION AND DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 45, non-party Uber Technologies, Inc. ("Uber") responds and objects to the October 15, 2020 subpoena (the "Subpoena") served by Plaintiff Maplebear Inc. d/b/a Instacart ("Instacart").

Nothing contained in any response is intended to be an admission, concession, or waiver by Uber regarding the existence, relevance, materiality, or admissibility of any documents or information, nor an agreement to submit to the jurisdiction of the Eastern District of Texas for purposes of resolving disputes regarding this Subpoena. Any disputes regarding the scope of the Subpoena or any information or documents required to be produced are properly resolved in the Northern District of California. Uber also expressly reserves the rights to (i) object on any appropriate ground to the use of any information or documents provided in response to the Subpoena at any time and in any proceeding, and (ii) assert further objections to the discoverability, relevance, and/or admissibility of any such information or documents on any

1

appropriate grounds.

Uber's responses to the Subpoena are based on Uber's reasonable, good-faith investigation of documents and information falling within the particular requests for production or deposition topics, during the timeline for Uber's response.  Uber reserves the right to supplement and/or amend these responses should future investigation indicate that such supplementation and/or amendment is necessary.

## OBJECTIONS TO DEFINITIONS

1.      Uber objects to the definitions of "you" and "your" or "Uber," and to any deposition topics ("Topics") and document requests ("Requests") including these terms, as overly broad and unduly burdensome because they include other companies and individuals including "predecessors," "subsidiaries," "affiliates," and "all past and present officers, directors, affiliates, agents, consultants, accountants, attorneys, representatives" and "any other person or entity acting on behalf of any of the foregoing."  Uber further objects that Topics and Requests including these terms seek information protected by the attorney-client privilege, the common interest or joint defense privilege, the work-product doctrine, and other applicable privileges, doctrines, and immunities ("Privileged Information") because it seeks information about "all past and present . . . attorneys" of "Uber."  Uber will respond on behalf of Uber Technologies, Inc., and Uber will not produce Privileged Information.

2.      Uber objects to the definitions of "Cornershop" and "Defendant" (and to any Topics and Requests including these terms) as overly broad and unduly burdensome because they include other companies and individuals including "predecessors," "subsidiaries," "affiliates," and "all past and present officers, directors, affiliates, agents, consultants, accountants, attorneys, representatives" and "any other person or entity acting in whole or in part on behalf of any of the foregoing."  Uber further objects that Topics and Requests including

these terms seek Privileged Information because they seek information about "all past and present . . . attorneys" of "Cornershop" or "Defendant."  Uber will interpret Topics and Requests including these terms to refer to Cornershop Technologies, Inc., Cornershop Technologies LLC, and Delivery Technologies US, Inc., and Uber will not produce Privileged Information.

3.     Uber objects to the definitions of "Plaintiff" and "Defendants" (and to any Topics and Requests including these terms) to the extent they purport to encompass entities or individuals who are not named Plaintiff or Defendants in the litigation.

4.     Uber objects to the definitions of "Document," "Identify," "Person," "all," "any," "each," "and," and "or" (and to any Topics and Requests including these terms) as overly broad and unduly burdensome to the extent they seek to impose burdens greater than those permitted under the Federal Rules of Civil Procedure and other applicable rules and precedent, including to the extent they seek to impose on Uber discovery obligations disproportionate to the needs of the litigation, taking into consideration Uber's status as a non-party.

## SPECIFIC OBJECTIONS AND
## RESPONSES TO DEPOSITION TOPICS

**TOPIC NO. 1:**

The scraping of data or images by, with the involvement of, at the behest of, or for the benefit of Cornershop, whether directly or indirectly, and Uber's knowledge of the same.

**RESPONSE TO TOPIC NO. 1:**

Uber objects to this deposition topic as vague, ambiguous, overly broad, and unduly burdensome—and disproportionate to the needs of the case—because the terms "data," "scraping," "at the behest of, or for the benefit of," and "indirectly" are vague, ambiguous, overly broad and unduly burdensome.  Uber further objects to the extent that this deposition topic seeks information not relevant to and disproportionate to the underlying case as it seeks

information relating to any "scraping of data or images," rather than scraping related to Instacart and activities accused in the Complaint, to the extent it is not limited to the United States market, and to the extent it seeks information regarding entities other than Cornershop or its agents. Uber will interpret "scraping" to mean an automated means of collecting image and price information from Instacart's website, and it will respond with respect to alleged "scraping" by Cornershop, as related to the United States market.

Uber further objects that this deposition topic is unduly burdensome and disproportionate to the needs of the litigation because it requires Uber to incur the expenses of providing information that Plaintiff can seek from Defendants, and without first seeking and/or reviewing such discovery from Defendants. Uber further objects that the request imposes burdens disproportionate to the case, because it seeks to require Uber to engage in burdensome electronic discovery including searching for e-mail or other burdensome exercises such as interviewing numerous witnesses, redacting privileged materials in documents, and logging numerous privileged documents, when discovery from Uber is not relevant to the claims and defenses of the parties, nor proportional to the needs of the case. Uber objects that the topic is unduly burdensome to the extent it seeks confidential and/or trade secret information of Uber. Uber further objects that this topic is improper and seeks information not relevant to Instacart's claims or Cornershop's defenses to the extent Instacart seeks, through a third-party subpoena, to gather information about Uber to make allegations against non-party Uber in this or other litigation.

Uber further objects to the extent that this deposition topic calls for Privileged Information. For example, this request apparently seeks Uber's privileged information communicated by and with Uber's counsel before, during, or after its acquisition of Instacart; common interest information exchanged with Cornershop's counsel; as well as Privileged

Information regarding the lawsuit.

Subject to its objections, Uber responds that based on its search to date for responsive non-privileged information, Uber has identified no knowledge by Uber of Cornershop's alleged scraping of images or pricing information from Instacart before the filing of the lawsuit, and any information regarding knowledge acquired by Uber after the filing of the lawsuit is privileged. Uber will not provide a witness on this Topic.

Uber is available to meet and confer regarding Instacart's Subpoena.

**TOPIC NO. 2:**

Cornershop's use in the United States of images, data, trademarks, or trade names without permission from their owners, and Uber's knowledge of the same.

**RESPONSE TO TOPIC NO. 2:**

Uber objects to this deposition topic as vague, ambiguous, overly broad, and unduly burdensome—and disproportionate to the needs of the case—because the terms "images, data, trademarks, or trade names," and "without permission from their owners" are vague, ambiguous, overly broad and unduly burdensome.  Uber further objects to the extent that this deposition topic seeks information not relevant to and disproportionate to the underlying case as it seeks information relating to *any* "use of images, data, trademarks, or trade names without permission of their owners," rather than limited to alleged use of "scraped" Instacart's images and pricing, as accused in the Complaint.  Uber will interpret this topic to mean Cornershop's use of Instacart's images and price information allegedly "scraped" by Cornershop, as related to the United States market.

Uber further objects that this deposition topic is unduly burdensome and disproportionate to the needs of the litigation because it requires Uber to incur the expenses of providing

information that Plaintiff can seek from Defendants, and without first seeking and/or reviewing such discovery from Defendants.  Uber further objects that the request imposes burdens disproportionate to the case, because it seeks to require Uber to engage in burdensome electronic discovery including searching for e-mail or other burdensome exercises such as interviewing numerous witnesses, redacting privileged materials in documents, and logging numerous privileged documents, when discovery from Uber is not relevant to the claims and defenses of the parties, nor proportional to the needs of the case.  Uber objects that the topic is unduly burdensome to the extent it seeks confidential and/or trade secret information of Uber.  Uber further objects that this topic is improper and seeks information not relevant to Instacart's claims or Cornershop's defenses to the extent Instacart seeks, through a third-party subpoena, to gather information about Uber to make allegations against non-party Uber in this or other litigation.

Uber further objects to the extent that this deposition topic calls for Privileged Information.  For example, this request apparently seeks Uber's Privileged Information communicated by and with Uber's counsel before, during, or after its acquisition of Instacart; common interest information exchanged with Cornershop's counsel; as well as Privileged Information regarding the lawsuit.

Subject to its objections, Uber responds that based on its search to date for responsive non-privileged information, Uber has identified no knowledge by Uber of Cornershop's use of scraped Instacart images and prices before the filing of the lawsuit, and any information regarding knowledge acquired by Uber after the filing of the lawsuit is privileged. Uber will not provide a witness for a deposition.

Uber is available to meet and confer regarding Instacart's Subpoena.

**TOPIC NO. 3:**

Business models, forecasts, business plans, budgets, and variance analyses for Cornershop in the United States, including but not limited to ones concerning Cornershop as owned by or subsumed within Uber.

**RESPONSE TO TOPIC NO. 3:**

Uber objects to this deposition topic as vague, ambiguous, overly broad, and unduly burdensome—and disproportionate to the needs of the case—because the terms "business models," "business plans," "budgets," and "variance analyses" and "as owned by or subsumed within" are vague, ambiguous, overly broad and unduly burdensome.

Uber further objects that this deposition topic is unduly burdensome and disproportionate to the needs of the litigation because it requires Uber to incur the expenses of providing information that Plaintiff can seek from Defendants, and without first seeking and/or reviewing such discovery from Defendants. Uber further objects to the topic as unduly burdensome and disproportionate to the needs of the case to the extent it seeks "business models, forecasts, business plans, budgets, and variance analyses for Cornershop in the United States," that are not relevant to accused activities or to Plaintiff's alleged damages. Uber further objects that the request imposes burdens disproportionate to the case, because it seeks to require Uber to engage in burdensome electronic discovery including searching for e-mail or other burdensome exercises such as interviewing numerous witnesses, redacting privileged materials in documents, and logging numerous privileged documents, when discovery from Uber is not relevant to the claims and defenses of the parties, nor proportional to the needs of the case. Uber objects that the topic is unduly burdensome to the extent it seeks confidential and/or trade secret information of Uber. Uber further objects that this topic seeks information not relevant to Instacart's claims

or Cornershop's defenses to the extent Instacart seeks, through a third-party subpoena, to gather information about Uber to make allegations against non-party Uber in this or other litigation.

Uber further objects to the extent that this deposition topic calls for Privileged Information.  For example, this request apparently seeks Uber's privileged information communicated by and with Uber's counsel before, during, or after its acquisition of Instacart; common interest information exchanged with Cornershop's counsel; as well as Privileged Information regarding the lawsuit.

Subject to its objections, Uber will not provide a witness for a deposition.

Uber is available to meet and confer regarding Instacart's Subpoena.

**TOPIC NO. 4:**

The past, present, and future value, whether actual or potential, of Cornershop's business and operations in the United States.

**RESPONSE TO TOPIC NO. 4:**

Uber objects to this deposition topic as vague, ambiguous, overly broad, and unduly burdensome—and disproportionate to the needs of the case—because the term "past, present, and future value, whether actual or potential" is vague, ambiguous, overly broad and unduly burdensome.

Uber further objects that this deposition topic is unduly burdensome and disproportionate to the needs of the litigation because it requires Uber to incur the expenses of providing information that Plaintiff can seek from Defendants, and without first seeking and/or reviewing such discovery from Defendants.  Uber further objects to the topic as unduly burdensome and disproportionate to the needs of the case to the extent it seeks "past, present, and future value, whether actual or potential, of Cornershop's business and operations in the United States," that

are not relevant to accused activities or to Plaintiff's alleged damages.  Uber further objects that

the request imposes burdens disproportionate to the case, because it seeks to require Uber to

engage in burdensome electronic discovery including searching for e-mail or other burdensome

exercises such as interviewing numerous witnesses, redacting privileged materials in documents,

and logging numerous privileged documents, when discovery from Uber is not relevant to the

claims and defenses of the parties, nor proportional to the needs of the case.  Uber objects that

the topic is unduly burdensome to the extent it seeks confidential and/or trade secret information

of Uber.  Uber further objects that this topic is improper and seeks information not relevant to

Instacart's claims or Cornershop's defenses to the extent Instacart seeks, through a third-party

subpoena, to gather information about Uber to make allegations against non-party Uber in this or

other litigation.

Uber further objects to the extent that this deposition topic calls for Privileged

Information.  For example, this request apparently seeks Uber's privileged information

communicated by and with Uber's counsel before, during, or after its acquisition of Instacart;

common interest information exchanged with Cornershop's counsel; as well as Privileged

Information regarding the lawsuit.

Subject to its objections, Uber will not provide a witness for a deposition.

Uber is available to meet and confer regarding Instacart's Subpoena.

## TOPIC NO. 5:

Any actual or potential benefits, costs, and/or risks, whether monetary or nonmonetary,

associated with or concerning the timing of Cornershop's entry into the U.S. market.

## RESPONSE TO TOPIC NO. 5:

Uber objects to this deposition topic as vague, ambiguous, overly broad, and unduly

burdensome—and disproportionate to the needs of the case—because the terms "actual or potential benefits, costs, and/or risks," "whether monetary or nonmonetary," and "concerning the timing of Cornershop's entry" are vague, ambiguous, overly broad and unduly burdensome. Uber interprets the phrase "timing of Cornershop's entry" to mean the time when Cornershop launched its services for users to place grocery orders for delivery within the United States.

Uber further objects that this deposition topic is unduly burdensome and disproportionate to the needs of the litigation because it requires Uber to incur the expenses of providing information that Plaintiff can seek from Defendants, and without first seeking and/or reviewing such discovery from Defendants.  Uber further objects to the topic as unduly burdensome and disproportionate to the needs of the case to the extent it seeks "actual or potential benefits, costs, and/or risks, whether monetary or nonmonetary, associated with or concerning the timing of Cornershop's entry into the U.S. market," that are not relevant to the claims and defenses of the parties, nor proportional to the needs of the case.  Uber further objects that the request imposes burdens disproportionate to the case, because it seeks to require Uber to engage in burdensome electronic discovery including searching for e-mail or other burdensome exercises such as interviewing numerous witnesses, redacting privileged materials in documents, and logging numerous privileged documents when discovery from Uber is not relevant to the claims and defenses of the parties, nor proportional to the needs of the case.  Uber objects that the topic is unduly burdensome to the extent it seeks confidential and/or trade secret information of Uber. Uber further objects that this topic is improper and seeks information not relevant to Instacart's claims or Cornershop's defenses to the extent Instacart seeks, through a third-party subpoena, to gather information about Uber to make allegations against non-party Uber in this or other litigation.

Uber further objects to the extent that this deposition topic calls for Privileged Information.  For example, this request apparently seeks Uber's privileged information communicated by and with Uber's counsel before, during, or after its acquisition of Instacart; common interest information exchanged with Cornershop's counsel; as well as Privileged Information regarding the lawsuit.

Subject to its objections, Uber will not provide a witness for a deposition.

Uber is available to meet and confer regarding Instacart's Subpoena.

**TOPIC NO. 6:**

Uber's search for, collection, and production of documents in connection with this litigation.

**RESPONSE TO TOPIC NO. 6:**

Uber objects to this deposition topic as it calls for Privileged Information.

Uber further objects to this deposition topic as unduly burdensome and disproportionate to the needs of the case because Uber is not a party to the litigation and has no obligation to search for, collect, or produce documents in connection with the litigation, other than its obligations as a non-party to respond to the Subpoena.

Subject to its objections, Uber will not provide a witness for a deposition.

Uber is available to meet and confer regarding Instacart's Subpoena.

**SPECIFIC OBJECTIONS AND
RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All documents concerning the scraping of data or images by, with the involvement of, at the behest of, or for the benefit of Cornershop, whether directly or indirectly, or Uber's knowledge of the same.

**RESPONSE TO REQUEST NO. 1:**

Uber objects to this request as vague, ambiguous, overly broad, and unduly burdensome—and disproportionate to the needs of the case—because the terms "data," "scraping," "at the best of, or for the benefit of," and "indirectly" are vague, ambiguous, overly broad and unduly burdensome.  Uber further objects to the extent that this request seeks information not relevant to and disproportionate to the underlying case as it seeks information relating to any "scraping of data or images," rather than scraping related to Instacart and activities accused in the Complaint, to the extent it is not limited to the United States market, and to the extent it seeks information regarding entities other than Cornershop or its agents.  Uber will interpret "scraping" to mean an automated means of collecting image and price information from Instacart's website, and it will respond with respect to alleged "scraping" by Cornershop, as related to the United States market.

Uber further objects that this request is unduly burdensome and disproportionate to the needs of the litigation because it requires Uber to incur the expenses of providing information that Plaintiff can seek from Defendants, and without first seeking and/or reviewing such discovery from Defendants.  Uber further objects that the request imposes burdens disproportionate to the case, because it seeks to require Uber to engage in burdensome electronic discovery including searching for and/or logging e-mail or other electronic information, redacting privileged materials in documents, and logging numerous privileged documents, when discovery from Uber is not relevant to the claims and defenses of the parties, nor proportional to the needs of the case. Uber further objects that this request is improper seeks information not relevant to Instacart's claims or Cornershop's defenses to the extent Instacart seeks, through a third-party subpoena, to gather information about non-party Uber to make allegations against

Uber in this or other litigation.

Uber further objects to the extent that this request calls for Privileged Information.  For example, this request apparently seeks Uber's privileged information communicated by and with Uber's counsel before, during, or after its acquisition of Instacart; common interest documents exchanged with Cornershop's counsel; as well as Privileged Information regarding the lawsuit.

Subject to its objections, Uber responds that based on its search to date for responsive non-privileged information, Uber has identified no knowledge by Uber of Cornershop's use of Instacart's images or prices before the filing of the lawsuit, and any documents regarding knowledge acquired by Uber after the filing of the lawsuit is privileged.

Uber will not produce documents in response to this request.

Uber is available to meet and confer regarding Instacart's Subpoena.

**REQUEST NO. 2:**

All documents concerning Cornershop's actual or contemplated use in the United States of images, data, trademarks, or trade names without permission from their owners, or Uber's knowledge of the same.

**RESPONSE TO REQUEST NO. 2:**

Uber objects to this request as vague, ambiguous, overly broad, and unduly burdensome—and disproportionate to the needs of the case—because the terms "images, data, trademarks, or trade names," and "without permission from their owners" are vague, ambiguous, overly broad and unduly burdensome.  Uber further objects to the extent that this request seeks information not relevant to and disproportionate to the underlying case as it seeks information relating to *any* "use of images, data, trademarks, or trade names without permission of their owners," rather than limited to alleged use of "scraped" Instacart's images and pricing, as

accused in the Complaint.  Uber will interpret this topic to mean Cornershop's use of Instacart's images and price information allegedly "scraped" by Cornershop, as related to the United States market.

Uber further objects that this request is unduly burdensome and disproportionate to the needs of the litigation because it requires Uber to incur the expenses of providing information that Plaintiff can seek from Defendants, and without first seeking and/or reviewing such discovery from Defendants.  Uber further objects that the request imposes burdens disproportionate to the case, because it seeks to require Uber to engage in burdensome electronic discovery including searching for and/or logging e-mail or other electronic information, or other burdensome exercises such as interviewing numerous witnesses, redacting privileged materials in documents, and logging numerous privileged documents, when discovery from Uber is not relevant to the claims and defenses of the parties, nor proportional to the needs of the case.  Uber further objects that this request is improper and seeks information not relevant to Instacart's claims or Cornershop's defenses to the extent Instacart seeks, through a third-party subpoena, to gather information about Uber to make allegations against non-party Uber in this or other litigation.

Uber further objects to the extent that this request calls for Privileged Information.  For example, this request apparently seeks Uber's privileged information communicated by and with Uber's counsel before, during, or after its acquisition of Instacart; common interest documents exchanged with Cornershop's counsel; as well as Privileged Information regarding the lawsuit.

Subject to its objections, Uber responds that based on its search to date for responsive non-privileged information, Uber has identified no knowledge by Uber of Cornershop's use of scraped Instacart images and prices before the filing of the lawsuit, and any documents regarding

knowledge acquired by Uber after the filing of the lawsuit is privileged.

Subject to its objections, Uber will not produce documents in response to this request.

Uber is available to meet and confer regarding Instacart's Subpoena.

**REQUEST NO. 3:**

All documents concerning any business model, forecast, business plan, budget, or variance analysis for Cornershop in the United States, including but not limited to ones concerning Cornershop as owned by or subsumed within Uber.

**RESPONSE TO REQUEST NO. 3:**

Uber objects to this request as vague, ambiguous, overly broad, and unduly burdensome—and disproportionate to the needs of the case—because the terms "business models," "business plans," "budgets," and "variance analyses" and "as owned by or subsumed within" are vague, ambiguous, overly broad and unduly burdensome

Uber further objects that this request is unduly burdensome and disproportionate to the needs of the litigation because it requires Uber to incur the expenses of providing information that Plaintiff can seek from Defendants, and without first seeking and/or reviewing such discovery from Defendants.  Uber further objects to the topic as unduly burdensome and disproportionate to the needs of the case to the extent it seeks "[a]ll documents concerning any business model, forecast, business plan, budget, or variance analysis for Cornershop in the United States," that are not relevant to accused activities or to  Plaintiff's alleged damages.  Uber further objects that the request imposes burdens disproportionate to the case, because it seeks to require Uber to engage in burdensome electronic discovery including searching for and/or logging e-mail or other electronic information, redacting privileged materials in documents, and logging numerous privileged documents, when discovery from Uber is not relevant to the claims

and defenses of the parties, nor proportional to the needs of the case.  Uber objects that the topic

is unduly burdensome to the extent it seeks confidential and/or trade secret information of Uber.

Uber further objects that this request is improper and seeks information not relevant to Instacart's

claims or Cornershop's defenses to the extent Instacart seeks, through a third-party subpoena, to

gather information about Uber to make allegations against non-party Uber in this or other

litigation.

Uber further objects to the extent that this request calls for Privileged Information.  For

example, this request apparently seeks Uber's privileged information communicated by and with

Uber's counsel before, during, or after its acquisition of Instacart; common interest documents

exchanged with Cornershop's counsel; as well as Privileged Information regarding the lawsuit.

Subject to its objections, Uber will not produce documents in response to this request.

Uber is available to meet and confer regarding Instacart's Subpoena.

**REQUEST NO. 4:**

All documents concerning the past, present, or future value, whether actual or potential,

of Cornershop's business or operations in the United States.

**RESPONSE TO REQUEST NO. 4:**

Uber objects to this request as vague, ambiguous, overly broad, and unduly

burdensome—and disproportionate to the needs of the case—because the term "past, present,

and future value, whether actual or potential" is vague, ambiguous, overly broad and unduly

burdensome.

Uber further objects that this request is unduly burdensome and disproportionate to the

needs of the litigation because it requires Uber to incur the expenses of providing information

that Plaintiff can seek from Defendants, and without first seeking and/or reviewing such

discovery from Defendants.  Uber further objects to the topic as unduly burdensome and disproportionate to the needs of the case to the extent it seeks "[a]ll documents concerning the past, present, or future value, whether actual or potential, of Cornershop's business or operations in the United States" that are not relevant to accused activities or to Plaintiff's alleged damages. Uber further objects that the request imposes burdens disproportionate to the case, because it seeks to require Uber to engage in burdensome electronic discovery including searching for and/or logging e-mail or other electronic information, redacting privileged materials in documents, and logging numerous privileged documents, when discovery from Uber is not relevant to the claims and defenses of the parties, nor proportional to the needs of the case. Uber objects that the topic is unduly burdensome to the extent it seeks confidential and/or trade secret information of Uber.  Uber further objects that this request seeks information not relevant to Instacart's claims or Cornershop's defenses to the extent Instacart seeks, through a third-party subpoena, to gather information about Uber to make allegations against non-party Uber in this or other litigation.

Uber further objects to the extent that this request calls for Privileged Information.  For example, this request apparently seeks Uber's privileged information communicated by and with Uber's counsel before, during, or after its acquisition of Instacart; common interest documents exchanged with Cornershop's counsel; as well as Privileged Information regarding the lawsuit.

Subject to its objections, Uber will not produce documents in response to this request.

Uber is available to meet and confer regarding Instacart's Subpoena.

**REQUEST NO. 5:**

All documents concerning any actual or potential benefits, costs, and/or risks, whether monetary or nonmonetary, associated with the timing of Cornershop's entry into the U.S. market.

**RESPONSE TO REQUEST NO. 5:**

Uber objects to this request as vague, ambiguous, overly broad, and unduly burdensome—and disproportionate to the needs of the case—because the terms "actual or potential benefits, costs, and/or risks," "whether monetary or nonmonetary," and "concerning the timing of Cornershop's entry" are vague, ambiguous, overly broad and unduly burdensome, and disproportionate to the needs of the case. Uber interprets the phrase "timing of Cornershop's entry" to mean the time when Cornershop launched its services for users to place grocery orders for delivery within the United States.

Uber further objects that this request is unduly burdensome and disproportionate to the needs of the litigation because it requires Uber to incur the expenses of providing information that Plaintiff can seek from Defendants, and without first seeking and/or reviewing such discovery from Defendants. Uber further objects to the topic as unduly burdensome and disproportionate to the needs of the case to the extent it seeks "actual or potential benefits, costs, and/or risks, whether monetary or nonmonetary, associated with or concerning the timing of Cornershop's entry into the U.S. market," that are not relevant to accused activities or to Plaintiff's alleged damages. Uber further objects that the request imposes burdens disproportionate to the case, because it seeks to require Uber to engage in burdensome electronic discovery including searching for and/or logging e-mail or other electronic information, redacting privileged materials in documents, and logging numerous privileged documents, when discovery from Uber is not relevant to the claims and defenses of the parties, nor proportional to the needs of the case. Uber objects that the topic is unduly burdensome to the extent it seeks confidential and/or trade secret information of Uber. Uber further objects that this request is improper and seeks information not relevant to Instacart's claims or Cornershop's defenses to the

extent Instacart seeks, through a third-party subpoena, to gather information about Uber to make allegations against non-party Uber in this or other litigation.

Uber further objects to the extent that this request calls for Privileged Information. For example, this request apparently seeks Uber's privileged information communicated by and with Uber's counsel before, during, or after its acquisition of Instacart; common interest documents exchanged with Cornershop's counsel; as well as Privileged Information regarding the lawsuit.

Subject to its objections, Uber will not produce documents in response to this request.

Uber is available to meet and confer regarding Instacart's Subpoena.

**REQUEST NO. 6:**

All documents you relied on in preparing for the deposition noticed concurrently with these requests for production.

**RESPONSE TO REQUEST NO. 6:**

Uber objects to this request to the extent that it calls for Privileged Information, and/or documents otherwise not required to be produced under applicable rules.

Subject to its objections, Uber does not intend to provide a witness for deposition and thus there are no responsive documents.

Uber is available to meet and confer regarding Instacart's Subpoena.

Dated:        November 5, 2020          By: _/s/ Melody Drummond Hansen_

David Eberhart - Cal. S.B. #195474
deberhart@omm.com
Megan Havstad - Cal. S.B. # 287938
mhavstad@omm.com
Katie Gosewehr - Cal. S.B. #313458
kgosewehr@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701

Melody Drummond Hansen - Cal. S.B. #278786
mdrummondhansen@omm.com
**O'MELVENY & MYERS LLP**
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone:        (650) 473-2600
Facsimile:        (650) 473-2601

Attorneys for Non-Party
UBER TECHNOLOGIES, INC.

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that, on November 5, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing by e-mail.

*/s/ Melody Drummond Hansen*
Melody Drummond Hansen