# EXHIBIT 6



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Sarah Salomon**
(415) 962 8828
ssalomon@keker.com

November 16, 2020

**VIA ELECTRONIC MAIL**

Melody Drummond Hansen
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
mdrummondhansen@omm.com

Re:   *Maplebear Inc. dba Instacart v. Cornershop Technologies, Inc., et al.*, Case No. 2:20-CV-00240-JRG (E.D. Tex.)

Dear Melody:

We are in receipt of Uber's responses and objections to Instacart's subpoena, dated November 5, 2020. Instead of providing any responses to Instacart's requests, Uber has interposed a series of meritless, boilerplate objections and refused to produce a witness on any deposition topic or to produce a single responsive document. We are willing to meet and confer with you regarding Uber's position, but we ask that Uber agree to amend its responses and objections to the subpoena no later than Thursday, November 19 to address the defects explained below.

Uber announced its acquisition of a majority ownership stake in Cornershop in October 2019, and its transaction with Cornershop closed in early-July 2020, just two months after Cornershop launched its services in Texas and Florida using Instacart's stolen intellectual property. This is not a case where Uber is a stranger to the litigation or an innocent third party. Uber is the majority owner of the defendant Cornershop, which brazenly stole and used Instacart's intellectual property to rush Cornershop's launch in the United States and gain an unfair advantage. Uber has repeatedly touted its "partnership" and "integration" with Cornershop in public statements.[1] It is beyond dispute that Uber has documents and information relevant to this lawsuit, and Uber cannot refuse to comply with this subpoena merely because it is not a named party. "[I]f the documents sought . . . are relevant to the subject matter of this action," and the issuing party has "shown good cause for their production, the subpoena should be

---

[1] *See, e.g.*, Press Release, *Uber Unveils Grocery Delivery* (July 7, 2020), https://investor.uber.com/news-events/news/press-release-details/2020/Uber-Unveils-Grocery-Delivery/default.aspx.

1538358

Melody Drummond Hansen  　　　　　　　　　　　　　　　　　　VIA ELECTRONIC MAIL
November 16, 2020
Page 2

enforced unless the documents are privileged or the subpoena is unreasonable, oppressive, annoying, or embarrassing." *United States v. Am. Optical Co.*, 39 F.R.D. 580, 583 (N.D. Cal. 1966). Instacart's requests are relevant and satisfy the good cause standard. Furthermore, Instacart took great pains to draft an extremely narrowly tailored subpoena—with just six requests for production and deposition topics—to avoid any undue burden on Uber.

The deficiencies in Uber's responses are explained in further detail below.

**Issue No. 1 – Improper Boilerplate "Relevance" Objections.** Uber repeatedly objects that Instacart's requests for production and deposition topics "seek[ ] information not relevant to and disproportionate to the underlying case," and proceeds to entirely evade answering the requests. Such boilerplate objections fly in the face of the broad standard for relevance in discovery: "parties seeking discovery are entitled to all information reasonably calculated to lead to the discovery of admissible evidence," which is "an intentionally broad mandate." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) (citing Fed. R. Civ. P. 26(b)(1)); *see also Waymo LLC v. Uber Techs., Inc.*, No. 17CV00939WHAJSC, 2017 WL 3581171, at *1 (N.D. Cal. Aug. 18, 2017) ("The scope of discovery under Rule 45 which governs discovery of nonparties by subpoena is the same as the scope under Rule 26(b)."). Below are the particular issues with Uber's boilerplate relevance objections:

- **Deposition Topic/Request for Production 1**: This deposition topic and request for production seek documents and testimony regarding "the scraping of data or images by, with the involvement of, at the behest of, or for the benefit of Cornershop, whether directly or indirectly, and Uber's knowledge of the same." Cornershop has represented, in public filings that to succeed on its CFAA claim, Instacart must establish that "Cornershop violated Instacart's ToS knowingly, intentionally, or with intent to defraud." Opp. to PI Mot., *Instacart v. Cornershop*, Case 2:20-cv-00240-JRG, Dkt. 29. Whether Uber was involved in or aware of Cornershop's effort to scrape Instacart's Platform is directly relevant to the knowledge and intent elements of Instacart's substantive claims for relief, including its CFAA claim. The extent to which Uber had knowledge of Cornershop's scraping is also relevant to damages.

- **Deposition Topic/Request for Production 2:** This deposition topic and request for production seek documents and testimony regarding "Cornershop's use in the United States of images, data, trademarks, or trade names without permission from their owners, and Uber's knowledge of the same." Here too, Uber raises a meritless relevance objection. And, here too, the documents and testimony requested are relevant to the intent and knowledge elements of Instacart's substantive claims and to damages.

- **Deposition Topic/Request for Production 3:** This deposition topic and request for production seeks documents and testimony regarding "Business models, forecasts, business plans, budgets, and variance analyses for Cornershop in the United States, including but not limited to ones concerning Cornershop as owned by or subsumed within Uber." Uber objects that such documents are not relevant to "Plaintiff's alleged

Melody Drummond Hansen  VIA ELECTRONIC MAIL
November 16, 2020
Page 3

damages," but courts have held otherwise. *See Bristol-Myers Squibb Co. v. Kite Pharma Inc.*, No. 2:19-MC-00055-SJO-KS, 2019 WL 8589409, at *4 (C.D. Cal. May 29, 2019) (holding that defendant had "sufficiently demonstrated both relevance and substantial need for deposition testimony related to [non-party's] plans for . . . product development" because it was relevant to "damages."); *see also Waymo LLC v. Uber Techs., Inc.*, No. 17-CV-00939-WHA(JSC), 2017 WL 2929439, at *2 (N.D. Cal. July 7, 2017) (noting plaintiff Waymo's agreement to produce "business plans, strategic plans, operating plans, marketing plans, financial plans, sales plans, and investment plans for its ride-sharing business, including projections for revenue generation and profitability" in response to defendant Uber's document request).  Here, Uber's business models, forecasts, business plans, budgets, and variance analyses for Cornershop in the United States are plainly relevant to Instacart's damages.  Uber's relevance objection to this topic and request is meritless and must be withdrawn.

- **Deposition Topics/Requests for Production 4 & 5:** Deposition topic and request for production 4 seek documents and testimony regarding "[t]he past, present, and future value, whether actual or potential, of Cornershop's business and operations in the United States."  Deposition topic and request for production 5 seek documents and testimony regarding "[a]ny actual or potential benefits, costs, and/or risks, whether monetary or nonmonetary, associated with or concerning the timing of Cornershop's entry into the U.S. market."  As with Deposition Topic/Request for Production 3**,** the requested documents and deposition testimony are directly relevant to the damages suffered by Instacart as a result of Cornershop's illegal activities and entry into the market using intellectual property stolen from Instacart. *See Symantec Corp. v. Zscaler, Inc.*, No. 17CV04426JSTTSH, 2019 WL 2288278, at *2 (N.D. Cal. May 29, 2019) (granting plaintiff's motion to compel production of documents exchanged with third party investors regarding "any valuations of defendant-company or the accused products" and rejecting defendant's argument that it had already produced detailed information "sufficient [for plaintiff] to prepare its damages case"). The requested documents should be produced, and Uber should provide a witness for testimony on these topics.

**Issue No. 2 – Improper objection that Instacart should seek information from Cornershop.**
Uber further objects to Instacart's requests and deposition topics because they are "unduly burdensome and disproportionate to the needs of the litigation because [they] requires Uber to incur the expenses of providing information that Plaintiff can seek from Defendants."  However, Instacart's requests are targeted to seek information and documents which are uniquely within Uber's control.

- As explained in further detail above, deposition topics/requests for production 1 and 2 seek information regarding ***Uber's*** knowledge of Cornershop's illegal activities.  While Cornershop can provide information and testimony regarding what it shared with Uber, it cannot provide discovery regarding Uber's understanding of that information, or internal Uber communications. *Cf. UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718

1538358

Melody Drummond Hansen  VIA ELECTRONIC MAIL
November 16, 2020
Page 4

      F.3d 1006, 1025 (9th Cir. 2013) ("knowledge … turns on" what party "actually or 'subjectively'" knew.). Uber's burden objection is misplaced.

- As for deposition topics/requests for production 3, 4, and 5, each seeks business forecasts, valuations, and risk analysis performed by Uber with respect to Cornershop, its recent acquisition. While Uber may have shared some of this analysis with Cornershop, Uber has made no representation that it has shared all such documents and analysis. Furthermore, Uber, not Cornershop, is most knowledgeable regarding the value of Cornershop's business to Uber. *See, e.g., Intel Corp. v. Prot. Capital LLC*, No. 13CV1685 GPC (NLS), 2013 WL 12313348, at *3 (S.D. Cal. Oct. 2, 2013) (granting motion to compel nonparty-investor's compliance with subpoena seeking documents regarding investor's decision to invest in the patents at issue and its analysis of the investment, which "relate[d] to the damages [plaintiff] seeks in the underlying patent case"). Uber's burden objection is likewise inapplicable to these requests.

**Issue No. 3 – Improper "Burden" objections.** Uber also objects to Instacart's deposition topics and requests on the grounds that they "impose[ ] burdens disproportionate to the case, because [they] seek[ ] to require Uber to engage in burdensome electronic discovery including searching for e-mail or other burdensome exercises such as interviewing numerous witnesses, redacting privileged materials in documents, and logging numerous privileged documents." But it is Uber's obligation, as the responding party, to "show that the information is ***not reasonably accessible*** because of undue burden or cost." Fed. R. Civ. P. 45(e)(1)(D)(emphasis added). Essentially, Uber complains that Instacart's requests are unduly burdensome because they require Uber to comply with its discovery obligations under Rule 45. That will not suffice. We are willing to meet and confer with you to discuss acceptable search terms for electronic document searches to resolve any legitimate burden objection. However, Uber's categorical refusal to produce any responsive documents at all based on an unspecified burden objection is improper.

**Issue No. 4 – Refusal to Conduct a Reasonable Search.** Deposition topic 6 seeks testimony regarding "Uber's search for, collection, and production of documents in connection with this litigation," and request for production 6 asks for "[a]ll documents you relied on in preparing for the deposition noticed concurrently with these requests for production." Uber refuses to produce a witness on the topic of its compliance with the subpoena, thereby shielding the search alleged in response to deposition topics/requests for production 1 and 2 (the only requests for which Uber claims to have done any search at all) from any review. "An individual served with a subpoena *duces tecum* has an obligation to conduct a reasonable search to ensure that non-privileged documents that are relevant or likely to lead to the discovery of admissible evidence are produced," *United States v. Lee*, No. 5:06 CR0424 JW, 2009 WL 1108697, at *2 (N.D. Cal. Apr. 24, 2009), and Instacart is entitled to understand the contours of Uber's searches. Uber's response to Instacart's request that it produce documents relied on in preparing for the deposition sought by the subpoena is even more glaring: "Uber does not intend to provide a witness for deposition and thus there are no responsive documents." Uber further bolsters its refusal to produce responsive documents by vaguely asserting privilege and "applicable rules"—

1538358

Melody Drummond Hansen  VIA ELECTRONIC MAIL
November 16, 2020
Page 5

what those applicable rules are, Uber does not say. Regardless, these responses are in direct contravention of Uber's discovery obligations, and must be amended.

**Issue No. 5 – Lack of or Incomplete Responses.** As we have detailed above, Uber has refused to respond to any of Instacart's document requests, or to produce a witness to testify in response to any of Instacart's deposition topics. Uber's stonewalling is patently improper. *See* Fed. R. Civ. P. 45(g) (The Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."). Uber must supplement its responses as explained further below.

- In response to deposition topics/requests for production 1 and 2, which seek information regarding Uber's knowledge of Cornershop's illegal activities, Uber's responses state: "***Subject to its objections***, Uber responds that ***based on its search to date for responsive non-privileged information***, Uber has identified no knowledge by Uber of Cornershop's alleged [activities]."  Given the language "subject to its objections," it is unclear whether Uber is withholding from Instacart information in its responses based on its meritless boilerplate objections discussed above.  Please confirm that Uber is not withholding any information based on its objections in its responses to these topics/requests. Additionally, it is unclear what, if anything, Uber has done to search for information responsive to these topics/requests. As explained above, Uber also refuses to produce documents or a witness in response to deposition topic/request for production 6, making it impossible to determine if Uber has conducted an adequate search. These evasions are improper, and Uber should amend these responses.

- In response to deposition topics/requests for production 3, 4, and 5, Uber does not even bother to allege it has conducted a reasonable search, instead flatly refusing to produce any documents or a witness for deposition.  As explained above, Uber's objections are not a proper basis on which to withhold documents or testimony.  These responses should be amended as well.

**Issue No. 6 – Privilege.** Uber broadly asserts attorney-client privilege, the work-product doctrine, and other privilege over much of the discovery sought by Instacart. *See, e.g.* Uber Responses to deposition topics/requests for production 1-6 ("Uber further objects to the extent that this request calls for Privileged Information."). But Uber "cannot carry this burden by mere ipse dixit assertions that the privilege applies and, instead, must provide more substantial proof of eligibility for the privilege." *Sia Chue Yang v. Schwarzenegger*, No. C 09-2306 CW (JL), 2010 WL 11587074, at *8 (N.D. Cal. May 12, 2010). In particular, Uber must "describe the nature of the withheld documents [or] communications . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). Thus, to the extent Uber withholds responsive materials as privileged, it must identify those documents and communications on a privilege log so that Instacart can evaluate the applicability of the claimed privilege.  Please confirm that Uber will produce a privilege log.

1538358

Melody Drummond Hansen  VIA ELECTRONIC MAIL
November 16, 2020
Page 6

***

Please supplement your production and responses by Thursday, November 19, 2020. Should Uber fail to do so, Instacart requests that Uber provide its availability for a meet and confer on Friday, November 20, 2020.

Very truly yours,

KEKER, VAN NEST & PETERS LLP

*Sarah Salomon*

Sarah Salomon

SS:sm

1538358