# EXHIBIT 12

| | |
|---|---|
| **From:** | Nicholas S. Goldberg |
| **Sent:** | Monday, January 11, 2021 6:33 PM |
| **To:** | Drummond Hansen, Melody; Sarah Salomon |
| **Cc:** | Susan McCabe; Puja V. Parikh; Niall M. Roberts; deberhart@omm.com; mhavstad@omm.com; kgosewehr@omm.com |
| **Subject:** | RE: Instacart Subpoena to Uber; Correspondence |

Melody,

Thank you for your email.  We disagree with Uber's position and it is notable that, yet again, Uber has categorically refused to provide any meaningful assurance that it will produce documents responsive to Instacart's subpoena.  Given the case schedule in the underlying action and Uber's unwillingness to confirm that it will produce responsive documents located after a reasonable search by January 15, Instacart will be filing a motion to compel.  Of course, we remain willing to meet-and-confer with Uber regarding these issues in hopes of resolving some or all of the motion.  To move the process forward, we request that Uber promptly identify its proposed custodians and provide complete hit counts for Instacart's search terms.

Thanks,
Nick

---

**From:** Drummond Hansen, Melody <mdrummondhansen@omm.com>
**Sent:** Friday, January 8, 2021 9:01 AM
**To:** Nicholas S. Goldberg <NGoldberg@keker.com>; Sarah Salomon <SSalomon@keker.com>
**Cc:** Susan McCabe <SMcCabe@keker.com>; Puja V. Parikh <PParikh@keker.com>; Niall M. Roberts <NRoberts@keker.com>; deberhart@omm.com; mhavstad@omm.com; kgosewehr@omm.com
**Subject:** RE: Instacart Subpoena to Uber; Correspondence

**[EXTERNAL]**

Hello, Nick—

I hope you had a good holiday as well.

Your message mischaracterizes the course of our discussions, Uber's positions, and Instacart's and Uber's respective obligations.  Rather than rehash that history, I respond to each of the points raised by your message below.

**First,** Uber's willingness to offer search terms does not mean that Uber agrees it has relevant documents.  Instead, Uber believes that it has no relevant documents proportionate to the needs of the case that are not available from Defendants in the lawsuit—for the reasons we've previously explained.

**Second,** Uber is not "unilaterally" narrowing Instacart's terms, but attempting to reach an agreement that may avoid motion practice.  Instacart identifies no substantive issues with Uber's terms.  Nor has Instacart previously requested "hit" counts.  Nevertheless, Uber ran Instacart's search terms on 5 custodians and they resulted in thousands of documents.  As one example, Instacart's term "Cornershop AND (Texas OR Dallas OR Florida OR Miami OR launch*)" alone results in over 4700 documents to review.  The undue burden is not based merely on the number of documents, but also on the likely irrelevance of such documents, considering Instacart's grossly overbroad terms.  And Instacart attempts to impose burdens on Uber that it could not

1

impose on even a party to the case.  For example, the ESI order would prohibit the number and type of terms Instacart proposes.  (Nor has Uber "declined to disclose the identities of its custodians": instead, we offered to identify them, while we do not believe Uber has an obligation to do so.)

**Third,** your email complains that Uber is willing to conduct a "targeted search."  But Instacart ***asked*** Uber to agree to conduct "targeted searches" in addition to the email search (*see* December 2 letter).  It's unclear why Instacart now "objects" to searches it proposed.

Your message raises for the first time that Uber has not yet provided a privilege log.  But, as Uber has explained, the process of preparing such a log in response to Instacart's vague requests would be unduly burdensome.  Uber has identified the categories of documents that are privileged, explained that lawyers were involved in the investment process (as Instacart well knows), and also explained that responsive emails and other documents would need to be redacted and logged.  Uber intends to provide a privilege log should the parties agree on a proper search scope, as that would determine the scope of documents that would be subject to logging.  This approach is consistent with N.D. Cal. precedent (including the cases Instacart cited) where courts have required a log to be provided after those courts resolved the parties' disputes about scope of permissible discovery.

While Uber maintains that Instacart's subpoena is plainly overbroad and disproportionate to the needs of the case, Uber remains willing to attempt to reach agreement on a reasonable search scope.  Instacart, however, has failed to meaningfully meet and confer regarding search terms or custodians in response to either my December 8 letter or my December 31 message.

Thank you,
Melody


# O'Melveny

**Melody Drummond Hansen**
mdrummondhansen@omm.com
O: +1-650-473-2636

of O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, California  94025
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Nicholas S. Goldberg <ngoldberg@keker.com>
**Sent:** Wednesday, January 6, 2021 8:47 PM
**To:** Drummond Hansen, Melody <mdrummondhansen@omm.com>; ssalomon@keker.com
**Cc:** smccabe@keker.com; pparikh@keker.com; nroberts@keker.com; Eberhart, David R. <deberhart@omm.com>; Havstad, Megan <mhavstad@omm.com>; Gosewehr, Katie <kgosewehr@omm.com>
**Subject:** RE: Instacart Subpoena to Uber; Correspondence


[EXTERNAL MESSAGE]

Hi Melody,

I hope you had a safe and restful holiday.

2

Your email of December 31 is insufficient to resolve our concerns and fails to provide any meaningful commitment that Uber will timely comply with Instacart's subpoena.

First, we have repeatedly explained the relevance and proportionality of Instacart's narrowly-tailored subpoena both in writing and in numerous meet-and-confers.  The fact that Uber—albeit belatedly—has agreed to search for responsive documents demonstrates Uber's recognition that it has relevant documents.

Second, we disagree with Uber's unilateral attempt to narrow Instacart's proposed search terms and otherwise evade its obligation to conduct a reasonable search for responsive documents.  Uber continues to interpose unsubstantiated burden objections, but it has failed to provide any information to allow Instacart to evaluate Uber's claimed burden.  Uber suggests that Instacart's proposed search terms "are expected to result in an inordinate number" of hits, but Uber has not provided any hit counts to validate Uber's speculation.  Furthermore, despite Instacart's repeated requests, Uber has declined to disclose the identities of its custodians, revealing only that it has "identified certain custodians we believe may be appropriate."

Third, using search terms to identify responsive ESI is just one aspect of a reasonable search.  In addition, Uber must search its other documents and files for responsive information, including Uber's due diligence materials for its acquisition of Cornershop.  Your email states that Uber is "willing to conduct a targeted search for other responsive, non-privileged documents."  To the extent Uber is purporting to limit its obligation to conduct a reasonable search by running only a "targeted search," Instacart objects.  Furthermore, to the extent Uber is proposing to carve out of its search documents it claims are privileged, Uber's position is contrary to established law.  Uber's search not only must include privileged documents, it must provide a privilege log substantiating its privilege claims for any documents it withholds on that basis.  *See Sia Chue Yang v. Schwarzenegger*, No. C 09-2306 CW (JL), 2010 WL 11587074, at *8 (N.D. Cal. May 12, 2010); *Carpenters Pension Tr. v. Lindquist Family LLC*, No. C-13-01063 DMR, 2014 WL 1569195, at *2 (N.D. Cal. Apr. 18, 2014).

Uber has had more than two-and-a-half months to comply with Instacart's subpoena.  Yet in all of that time, Uber has consistently delayed searching for and producing responsive documents.  Even in your email of December 31, Uber continues to decline to provide a date certain on which it will produce documents responsive to Instacart's subpoena.  Given the case schedule in the underlying action, Instacart cannot allow Uber to continue dragging its feet.  Please confirm by January 8 that Uber will comply with Instacart's subpoena and produce responsive documents located after a reasonable search no later than January 15, 2021.  Absent such confirmation, Instacart will be forced to move to compel.

Thanks,
Nick

---

**From:** Drummond Hansen, Melody <mdrummondhansen@omm.com>
**Sent:** Thursday, December 31, 2020 5:29 PM
**To:** Nicholas S. Goldberg <NGoldberg@keker.com>; Sarah Salomon <SSalomon@keker.com>
**Cc:** Susan McCabe <SMcCabe@keker.com>; Puja V. Parikh <PParikh@keker.com>; Niall M. Roberts <NRoberts@keker.com>; deberhart@omm.com; mhavstad@omm.com; kgosewehr@omm.com
**Subject:** RE: Instacart Subpoena to Uber; Correspondence

**[EXTERNAL]**

Hello, Nick—

Once again, Instacart has the burdens reversed:  Instacart must first demonstrate relevance and proportionality of its subpoena as written.  Instacart's proposed search terms demonstrate that it seeks irrelevant, disproportionate information.

Instacart also seeks to impose a burden on non-party Uber that is greater than it could impose on a party to the litigation.  As an example, the litigation ESI Order states:  "Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction."  Instacart's terms violate that scope principle and are plainly overbroad as written, because (among other things) they seek search terms within 100 words of other common words.

Nevertheless, Uber remains willing to attempt to reach an agreement regarding the scope of a reasonable search.  Uber has not "declined" to propose alternative terms—we received no response to our offer to do so.  In an effort to move the discussion forward, Uber proposes revised terms below.  Uber also remains willing to conduct a targeted search for other responsive, non-privileged documents, including documents that are more likely to be located through a targeted search than through e-mail search terms.

In addition, with respect to custodians, we have identified certain custodians we believe may be appropriate and are happy to discuss.

We look forward to your response.

Thank you and have a Happy New Year,
Melody

Proposed revised terms:
- (Cornershop* w/10 (scrape* OR scraping OR bot OR bots OR crawl* OR spider*)) w/10 Instacart
- Cornershop* w/5 Instacart*
- (Instacart* w/10 (catalog* OR image* OR storefront* OR "store
    - front*") w/10 Cornershop*
- ((Cornershop* w/5 (risk* or benefit* or cost*)) w/5 (launch* OR enter* OR entry) w/5 ("United States" OR "U.S." OR "American"))

# O'Melveny

**Melody Drummond Hansen**
mdrummondhansen@omm.com
O: +1-650-473-2636

of O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, California  94025
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Nicholas S. Goldberg <ngoldberg@keker.com>
**Sent:** Wednesday, December 30, 2020 5:02 PM
**To:** Drummond Hansen, Melody <mdrummondhansen@omm.com>; ssalomon@keker.com
**Cc:** smccabe@keker.com; pparikh@keker.com; nroberts@keker.com; Eberhart, David R. <deberhart@omm.com>; Havstad, Megan <mhavstad@omm.com>; Gosewehr, Katie <kgosewehr@omm.com>
**Subject:** RE: Instacart Subpoena to Uber; Correspondence

[EXTERNAL MESSAGE]

Hi Melody,

Unfortunately, as demonstrated by your email below, Uber yet again refuses to comply with Instacart's subpoena.  It is Uber's—not Instacart's—obligation to conduct a reasonable search for responsive information.  In an attempt to proactively address Uber's unsubstantiated burden claim, Instacart proposed email search terms to Uber.  Uber flatly rejected those terms, claiming, without evidence, that Instacart's proposed terms are "overbroad" and "unlikely" to lead to relevant evidence.  Meanwhile, Uber has declined to propose any alternative search terms, failed to identify relevant custodians (despite your promise that it would do so), and refused to conduct any reasonable search whatsoever.  Thus, unless you immediately confirm that Uber will comply with the subpoena and meet its obligation to conduct a reasonable search for responsive information, Instacart will move to compel.

Thanks and have a happy New Year,
Nick

---

**Nicholas S. Goldberg**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2298 direct | 415 391 5400 main
ngoldberg@keker.com | vcard | keker.com
Pronouns: he, him, his

---

**From:** Drummond Hansen, Melody <mdrummondhansen@omm.com>
**Sent:** Wednesday, December 30, 2020 11:51 AM
**To:** Nicholas S. Goldberg <NGoldberg@keker.com>; Sarah Salomon <SSalomon@keker.com>
**Cc:** Susan McCabe <SMcCabe@keker.com>; Puja V. Parikh <PParikh@keker.com>; Niall M. Roberts <NRoberts@keker.com>; deberhart@omm.com; mhavstad@omm.com; kgosewehr@omm.com
**Subject:** RE: Instacart Subpoena to Uber; Correspondence

[EXTERNAL]

Hello, Nick—

As we have discussed, Instacart served an overbroad, burdensome subpoena disproportionate to the needs of the case and seeking documents and testimony duplicative of what Instacart can discover from Defendants in the case.

Uber has complied with its obligations in responding to the subpoena, including by meeting and conferring to try to reach agreement on an appropriate search scope.  Instacart's proposed search terms—which, among other things, include searches of terms within 100 words of other terms—are plainly overbroad and unlikely to lead to relevant, proportionate results.  In my letter of December 8, we offered to meet and confer about the search terms, including to propose counter terms.  Instacart did not respond to that letter, and instead was silent for three weeks before unilaterally declaring an impasse.

We remain available to meet and confer to try to reach agreement on an appropriate and proportionate response to the subpoena, including the proposal of alternative reasonable search terms.

Thank you,
Melody


# O'Melveny

**Melody Drummond Hansen**

mdrummondhansen@omm.com

O: +1-650-473-2636

of O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, California  94025
Website | LinkedIn | Twitter | Bio

This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Nicholas S. Goldberg <ngoldberg@keker.com>
**Sent:** Tuesday, December 29, 2020 5:08 PM
**To:** Drummond Hansen, Melody <mdrummondhansen@omm.com>; ssalomon@keker.com
**Cc:** smccabe@keker.com; pparikh@keker.com; nroberts@keker.com; Eberhart, David R. <deberhart@omm.com>; Havstad, Megan <mhavstad@omm.com>; Gosewehr, Katie <kgosewehr@omm.com>
**Subject:** RE: Instacart Subpoena to Uber; Correspondence


[EXTERNAL MESSAGE]

Melody,

Thank you for your letter of December 8.  Over the past two-and-a-half months, we have engaged in several meet-and-confers with Uber to explain the relevance of Instacart's narrowly-tailored subpoena and to attempt to resolve any legitimate claim of burden by Uber.  Unfortunately, after all of these efforts, we are back to square one:  Uber continues to stand on its boilerplate objections to Instacart's October 14, 2020 subpoena.  Uber has refused to produce a single document in response to the subpoena; it has refused to produce a witness to testify to any topic; and it has declined to conduct a reasonable search for responsive documents, even after Instacart attempted to address Uber's claim of burden by proposing search terms for Uber to conduct an email search.  It appears we are at an impasse.  If Uber does not immediately confirm that it will comply with Instacart's subpoena, Instacart intends to move to compel.

Thanks,
Nick

---

**Nicholas S. Goldberg**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2298 direct | 415 391 5400 main
ngoldberg@keker.com | vcard | keker.com
Pronouns: he, him, his

**From:** Drummond Hansen, Melody <mdrummondhansen@omm.com>
**Sent:** Tuesday, December 8, 2020 6:07 PM
**To:** Sarah Salomon <SSalomon@keker.com>
**Cc:** Susan McCabe <SMcCabe@keker.com>; Puja V. Parikh <PParikh@keker.com>; Niall M. Roberts <NRoberts@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; deberhart@omm.com; mhavstad@omm.com; kgosewehr@omm.com
**Subject:** Instacart Subpoena to Uber; Correspondence

**[EXTERNAL]**

Hello, Ms. Salomon-

Attached please find a response to your letter of December 2.

Thank you,
Melody

# O'Melveny

**Melody Drummond Hansen**
mdrummondhansen@omm.com
O: +1-650-473-2636

of O'Melveny & Myers LLP
2765 Sand Hill Road
Menlo Park, California  94025
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*